**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

NARAZUDEEN MANGROO, on  )
behalf of himself and all other similarly  )
situated consumers,  )
    )
    Plaintiff(s),  )
    )
-vs-  )  Case No.:
    )
DEBT RECOVERY SOLUTIONS,  )
LLC AND PENDRICK CAPITAL  )
PARTNERS LLC  )
    )
    Defendant.  )

## CLASS ACTION COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, NARAZUDEEN MANGROO, on his own behalf and on behalf of those similarly situated (collectively, "Consumers" or "Class Members"), by and through Undersigned Counsel, sues Defendants, DEBT RECOVERY SOLUTIONS, LLC AND PENDRICK CAPITAL PARTNERS LLC and alleges the following based on his personal knowledge as to the allegations regarding herself, and upon information and belief as to the other allegations:

1. Plaintiff, NARAZUDEEN MANGROO, seeks redress for the illegal practices of Defendant, DEBT RECOVERY SOLUTIONS, LLC AND PENDRICK CAPITAL PARTNERS LLC, concerning the collection of debts, in violation of the Florida Consumer Collection Protection Act, Florida Stat. § 559.55 et *seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## JURISDICTION AND IDENTIFICATION OF PARTIES

2. This is a class action at law seeking monetary damages in an amount that exceeds $30,000.00, exclusive of interest, costs, and attorney's fees.

3.   Accordingly, the Circuit Court has subject matter jurisdiction over this action pursuant to Fla. Stat. §26.012(2)(a).

4.   This Court has personal jurisdiction over Defendants pursuant to Florida's long-arm statute. *See* Fla. Stat. §§ 48.193(1).

5.   Florida's long-arm statute recognizes two kinds of personal jurisdiction over a nonresident defendant: specific jurisdiction and general jurisdiction and when a Plaintiff satisfies the long-arm statute's requirements for specific jurisdiction over a Defendant, there is no need to engage in the general jurisdiction analysis.

6.   Under Florida's long-arm statute, a court may exercise specific personal jurisdiction over a nonresident defendant who engaged in one of the enumerated acts listed under Fla. Stat. § 48.193(1)(a).

7.   Section 48.193(1)(a)(1) states a nonresident defendant may be subjected to the jurisdiction of a court in Florida for either "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Fla. Stat. § 48.193(1)(a)(1).

8.   Defendants' conduct in this Action triggers the necessary prong of Florida's long-arm jurisdiction because Defendants are engaged in substantial and not isolated activity within this State by targeting Florida consumers.

9.   Defendants are debt collectors and regularly conduct business in the State of Florida, where they specifically target Florida citizens, such as Plaintiff.

10.   Defendant Pendrick is a debt buyer after debt goes into default, and as such, a debt collector.

11.   Defendant Pendrick is liable for the actions of its agent, Defendant Debt Recovery.

A. **The Parties**

12. That all material hereto, Plaintiff, NARAZUDEEN MANGROO ("MANGROO"), was a resident and citizen of the state of Florida, currently resides in Sunrise, Florida, and is over the age of eighteen (18) years, and otherwise *sui juris*.

13. All Defendant, DEBT RECOVERY SOLUTIONS, LLC ("Debt Recovery" or "Defendant"), is a foreign for-profit limited liability company, incorporated in the State of New York, with its principal place of business located at 6800 Jericho Turnpike, Syosset, New York 11791 and by and through its officers, representatives, and agents, conducted and conducts business in Broward County, Florida.

14. Defendant, PENDRICK CAPITAL PARTNERS LLC, LLC ("Pendrick" or "Defendant"), is a foreign for-profit limited liability company, incorporated in the State of New York, with its principal place of business located at 2331 Mill Rd Suite 510, Alexandria, Virginia 22307 and by and through its officers, representatives, and agents, conducted and conducts business in Broward County, Florida.

15. All conditions precedent to bringing this lawsuit have been met and/or waived.

## II. GENERAL ALLEGATIONS

16. Plaintiff is a consumer as that term is defined by Fla. Stat. § 559.95(8) and as defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

17. Defendants are "debt collector[s]" as that term is defined by Fla. Stat. §559.55(7) and by 15 U.S.C. § 1692a(6).

18. The alleged debt that Defendant sought to collect from Plaintiff is a consumer debt as defined by Fla. Stat. §559.55(6) and 15 U.S.C. § 1692a (5).

19. Defendant regularly engage, for profit, in the collection of alleged consumer debts.

### B. Allegations Particular to Narazudeen Mangroo

20. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

21. Defendants said March 4, 2021, letter states in part: "The law limits how long you can be sued on a debt. Because of the age of your debt(s), the current creditor cannot sue you for it. Should you choose to make a payment for less than the discounted offer, it may be considered a partial payment and re-start the statute of limitations." A copy of Defendants' Letter is attached hereto as **Exhibit "A"** and is incorporated by reference herein.

22. Said language is confusing and deceptive. Said language is false as a written instrument must be executed under Florida law to start the statute of limitations.

23. Namely, Fla. Stat. 95.04, the statute of limitations can only be revived by a written, signed agreement.

24. The said letter misleads the consumer regarding Florida law by incorrectly stating that partial payment "may" revive the statute of limitations when, in fact, only a written signed agreement will re-start the statute of limitations.

25. Said letter does not contain any mention of a requirement for a written promise, and in fact makes offers for the client to pay by phone or the internet.

26. Said letter implies that a future creditor may sue for the debt as the letter states that the current creditor may not sue for the debt.

27. The said letter states in part: "This DISOUNTED OFFER will not last forever. Take advantage of this great deal NOW."

28. Said language contains a false sense of urgency as the statute of limitations passed so there is no advantage to taking advantage of the great deal now.

29. Due to the status of the debt, a fifty percent reduction in the amount is not a great deal as

the creditor cannot sue and cannot obtain a judgment.

30. The conduct of defendants violates Fla. Stat. § 559.72(7) and 15 USC 1692e and 1692e(10).

31. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

32. Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

33. Defendants violated Plaintiff's right not to be the target of misleading debt collection communications.

34. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

35. Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

36. Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

37. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

38. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

39. As an actual and proximate result of Defendants' acts and omissions, Plaintiff has suffered

damages, including but not limited to, fear, stress, mental anguish, emotional stress, and acute embarrassment for which he should be compensated in an amount to be proven by a jury at trial.

### III. CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated pursuant to Fla. R. Civ. P. 1.220. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Rule.

41. The proposed Class is defined as:

   a. All consumers that received the March 4, 2021, letter.

42. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

43. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FCCPA and FDCPA.

44. The members of the class are unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

45. Collection attempts, such as those made by the Defendants are evaluated by the objective standard of the hypothetical "least sophisticated consumer."

46. Plaintiff does not currently know the exact number of Class Members or their identities because such information is in Defendants' exclusive control and can only be ascertained by review of its records. However, Plaintiff believes that there are thousands of Class Members, and

that the Class Members are sufficiently numerous and geographically dispersed so that joinder of all Class Members is impracticable.

47. Plaintiff's claims are typical of the Class.

48. The factual basis of Defendant's misconduct is common to all Class Members and resulted in injury to all Class Members.

49. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class Members.

50. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit many similarly situated persons to adjudicate their common claims in a single forum simultaneously, effectively, and without the duplication of effort and expense, and risk of inconsistent rulings that numerous individual actions would cause. Class treatment will also permit the adjudication of small claims by Class Members who otherwise might not be able to afford to litigate their claims individually. This class action presents no difficulties in management that would preclude maintenance as a class action.

51. This forum is particularly desirable for the prosecution of this class action because Defendants specifically targets Florida consumers, and the lead Plaintiff is domiciled in Florida. As a result of the foregoing, litigating on a class action basis in this forum will decrease the cost of discovery and prosecution.

52. Plaintiff has suffered the harm alleged on behalf of the Class and has no interests antagonistic to the interests of any other Class Members. He is committed to the prosecution of this action and has retained counsel experienced in the prosecution of class actions and complex commercial actions. Accordingly, Plaintiff is an adequate representative and will fairly and protect the interests of the Class Members. Plaintiff is not aware of any other pending litigation concerning

this controversy that involves Class Members.

53. Finally, the Class is readily definable and is one for which records exist in Defendants' files.

**COUNT I – Violations of the FCCPA (Brought by Plaintiff on Behalf of himself and the Members of a Class, Against Defendant**

54. Plaintiff adopts and incorporates the allegations in Paragraphs 1-53.

55. This cause of action is brought on behalf of Plaintiff and the members of a class.

56. The class consists of all persons whom Defendant's records reflect resided in the State of Florida and were not given the opportunity to dispute the debt with no reason and the Plaintiff asserts that the letter contained violations of Fla. Stat. § 559.72(7) inter alia for abusing and harassing the Plaintiff.

57. Because the Defendant violated the FCCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FCCPA.

58. Pursuant to Fla. Stat. § 559.77(2), Plaintiff is entitled to recover his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully demands the entry of preliminary and permanent injunctive relief and entry of judgment against Defendants, awarding Plaintiff and the class members damages as follows:

    a. Statutory damages provided under the Fla. Stat. § 559.77.

    b. Attorney fees and costs incurred in bringing this action as provided by statute; and

    c. Any other relief that this Court deems appropriate and just under the circumstances.

**COUNT II – Violations of the Fair Debt Collection Practices Act (Brought by Plaintiff on Behalf of himself and the Members of a Class, Against Defendants)**

59. Plaintiff adopts and incorporates the allegations in Paragraphs 1-53.

60. This cause of action is brought on behalf of Plaintiff and the members of a class.

61. The class consists of all persons whom Defendants' records reflect resided in the State of Florida and who were not allowed to dispute the debt without a reason and the Plaintiff asserts that the conduct violates 15 U.S.C. §§ 1692e and 1692e(10).

62. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

63. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff respectfully demands the entry of preliminary and permanent injunctive relief and entry of judgment against Defendants, awarding Plaintiff and the class members damages as follows:

    a. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    b. Attorney fees and costs incurred in bringing this action as provided by statute; and

    c. Any other relief that this Court deems appropriate and just under the circumstances.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

DATED: March 2, 2022

        LEVY & PARTNERS, PLLC
        *Attorneys for Plaintiff and Plaintiff Class members*
        3230 Stirling Road, Suite 1

Hollywood, Florida 33021
(954) 727-8570 – Telephone
(954) 241-6857 – Facsimile
Primary – omar@lawlp.com
Secondary – claudia@lawlp.com
Secondary – maritza@lawlp.com

**By: /s/ Omar M. Salazar II**
OMAR M. SALAZAR II, ESQ.
Fla. Bar No.: 0106175
ELY R. LEVY, ESQ.
Fla. Bar No.: 15452

# EXHIBIT A

*March 4, 2021 Letter*



**DEBT RECOVERY SOLUTIONS, LLC**

J. FURMAN, MANAGER
PH #: (516) 228-7185
1-800-807-4109

6800 JERICHO TURNPIKE SUITE 113E SYOSSET NY 11791
HOURS OF OPERATION: MON-THURS 9:30AM-8:00PM, FRI 9:30AM - 3:30PM & SAT 9:30AM-1:30PM EST

Dear NARAZUDEEN MANGROO:

March 04, 2021

This is a follow up to our last letter...

## DISCOUNTED OFFER

This DISCOUNTED OFFER will not last forever. Take advantage of this great deal NOW.

Pay $508.80 by 03/20/2021 and this account(s) will be considered RESOLVED and CLOSED.

DON'T MISS THIS OPPORTUNITY

This DISCOUNTED OFFER ends 03/20/2021 - We are not obligated to renew this offer.

No more calls....no more letters....account(s) closed.

For your convenience, you can also pay your account(s) via our secure website: www.dbtsolutions.com

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. The law limits how long you can be sued on a debt. Because of the age of your debt(s), the current creditor cannot sue you for it. Should you choose to make a payment for less than the discounted offer it may be considered a partial payment and re-start the statute of limitations.

| DRS Acct# | Original Acct# | PIN # | Service Date | Balance Due | Discounted Offer |
|---|---|---|---|---|---|
| 25961564 | 4624978758  0301950 | 15276 | 08/24/2015 | $1,272.00 | $508.80 |

Original Creditor: PHOENIX EMERGENCY SVCS OF BROW
Current Creditor: Pendrick Capital Partners II

Total Balance Due: $1,272.00
Total Discounted Offer: $508.80

NOTICE: See Reverse Side for Important Information.

PLEASE DETACH BOTTOM PORTION AND RETURN WITH YOUR PAYMENT AND/OR WRITTEN CORRESPONDENCE

PO Box 9003
Syosset, NY 11791

March 04, 2021

NARAZUDEEN MANGROO
6421 NW 25TH ST
SUNRISE FL 33313-4109

IF PAYING BY VISA, MASTERCARD, DISCOVER OR AMERICAN EXPRESS, FILL OUT BELOW

☐ VISA  ☐ MASTERCARD  ☐ DISCOVER  ☐ AMEX

Current Creditor: Pendrick Capital Partners II
Total Balance Due: $1,272.00
Total Discounted Offer: $508.80
Please reference this number on your payment: 25961564

DEBT RECOVERY SOLUTIONS
PO Box 9003
Syosset, NY 11791

## PRIVACY NOTICE



Debt Recovery Solutions, LLC is sending this notice to you in compliance with 15 U.S.C. sec. 6801 et seq. We may collect non public personal information about you from former creditors, collection companies or consumer reporting agencies. We will not disclose non-public personal information to anyone except as permitted by law. We restrict access to non-public personal information about you to those employees who need to know that information to provide service to you. We maintain safeguards that comply with applicable standards to guard your non-public personal information.

Our client, Pendrick Capital Partners II, LLC ("Pendrick CP II"), has asked us to provide you with the information contained below.

This notice is being provided to you in compliance with the Gramm-Leach-Bliley Act.

This notice has no reflection or bearing upon the status of your account. For example, if your account has been settled, the balance has been paid, the balance has been disputed, or if you have filed for bankruptcy protection, the status of your account shall not change as a result of this notice.

The privacy and security of your personal information is important to Pendrick CP II. Pendrick CP II does not share information about you with anyone, except as permitted by law. This notice will inform you about Pendrick CP II policies and procedures concerning the personal information about that Pendrick CP II obtains, maintains and discloses in connection with the account(s) of yours that Pendrick CP II owns. Pendrick CP II collects non public information about you that is obtained from one or more of the following sources:

1. Information Pendrick CP II received from companies that sold Pendrick CP II your account(s);
2. Information about your transactions with Pendrick CP II's affiliates; and
3. Information from skip tracing companies and/or consumer reporting agencies

**INFORMATION PENDRICK CP II MAY SHARE WITH PENDRICK CP II AFFILIATES** - Pendrick CP II may share identification (such as name and address) information about Pendrick CP II transactions and experiences with you (such as payment history) and information that does not identify you with Pendrick CP II affiliates. By sharing this information, Pendrick CP II is better able to service your account(s).

**INFORMATION PENDRICK CP II MAY SHARE WITH NONAFFILIATED COMPANIES** - Pendrick CP II shares necessary information Pendrick CP II collects about you as described above, with non affiliated companies, involved in the servicing of your account(s), as permitted by the Fair Debt Collection Practices Act, or government agencies in response to an investigative demand, subpoena or court order, as required by applicable law.

Because Pendrick CP II respects your privacy, Pendrick CP II does not sell, trade or otherwise disclose your identity or any other personal information about you to third parties for their marketing. Pendrick CP II does not share collected information about customers or former customers with third parties for any other purpose other than as described above, except as permitted by applicable privacy law.

**CONFIDENTIALITY AND SECURITY OF YOUR ACCOUNT(S)** - Pendrick CP II restricts access to nonpublic personal information about you to only those employees who need to know such information, and third party service providers who provide support services to Pendrick CP II. Pendrick CP II maintains physical, electronic and procedural safeguards to protect your personal information. If Pendrick CP II uses other companies to provide services for Pendrick CP II, Pendrick CP II requires them to keep the information Pendrick CP II shares with them safe and secure and Pendrick CP II does not allow them to use or share information for any purpose other than the job they are hired to do.

**SPECIAL NOTICE REGARDING COLLECTED INFORMATION SUBJECT TO THE FAIR DEBT COLLECTION PRACTICES ACT.** This Privacy Notice is being sent to you by Pendrick CP II in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

**FURTHER INFORMATION:** for additional information concerning Pendrick CP II's privacy policy, you may write to Pendrick CP II at: Pendrick Capital Partners II, LLC Attn: Customer Service, 75 Warren Street, Suite 3, Glens Falls NY 12801.

**Florida License Number:** CCA0900880